UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21582-CIV-ALTONAGA

**MALIBU MEDIA, LLC**,

    Plaintiff,

v.

**JOHN DOE**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Second Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion") [ECF No. 7], filed on May 15, 2013, in this copyright infringement action. Plaintiff seeks leave to serve Comcast Cable Holdings, LLC ("Comcast"), an Internet Service Provider ("ISP"), with a subpoena pursuant to Federal Rule of Civil Procedure 45 (a "Rule 45 Subpoena") in order to obtain the identifying information for the subscriber associated with Internet Protocol ("IP") address 76.110.7.122.

Federal Rule of Civil Procedure 45(a)(2)(C) provides that a subpoena for production or inspection must be issued from the district court where production or inspection is to be made. Moreover, only the issuing court may quash or modify a subpoena. FED. R. CIV. P. 45(c)(3)(A). Rule 45 also provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." *Id.* 45(c)(1). Failure to do so is sanctionable conduct. *Id.*

The Court denied Plaintiff's first motion seeking leave to file a third party subpoena [ECF No. 5], as it was unclear whether Plaintiff sought to issue the subpoena in a distant forum. (*See* May 6, 2013 Order (the "May 6 Order") [ECF No. 6]). The Court further advised, "Plaintiff

must include a copy of the subpoena it intends to issue to any ISP with any refiled motion for leave to take discovery." (*Id.*). Plaintiff now attaches the subpoena it intends to issue to Comcast, which identifies a service address in the Southern District of Florida. (*See* Mot. Errata B (the "Intended Subpoena") [ECF No. 7-3]).

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order a party may not propound discovery in advance of a Rule 26(f) conference. *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* 26(b)(1).

In Internet infringement cases, good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 5564–65 (S.D.N.Y. 2004)); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008) (citing cases). Plaintiff has satisfied these requirements and established good cause with respect to the Intended Subpoena, as this is the sole specific discovery request submitted by Plaintiff in accordance with the May 6 Order.

In its Motion, Plaintiff "moves for entry of an order granting it leave to serve *a* third party subpoena prior to a Rule 26(f) conference" — presumably the Intended Subpoena. (Mot. 1

2

(emphasis added); *see also* Memorandum of Law [ECF No. 7-1] (requesting "leave to issue *a* Rule 45 subpoena to the ISP" (emphasis added))). Notwithstanding the foregoing, in its Proposed Order ("Proposed Order") [ECF No. 7-4], Plaintiff seeks a provision that "Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants. (Proposed Order 2). This provision is far too broad and is in direct contravention of the May 6 Order as such subpoenas may be issued in distant forums. As required by the May 6 Order, "If the subpoena will be issued from any court other than the United States District Court for the Southern District of Florida, Plaintiff must provide an explanation as to (1) why the distant forum is the appropriate place to issue the subpoena, and (2) why the subpoena cannot be issued in this judicial district." The Court declines to afford Plaintiff the unfettered ability to issue subpoenas in distant forums and will continue to require Plaintiff to provide such explanations as necessary.

Accordingly, upon Plaintiff establishing good cause to issue the Intended Subpoena, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 7]** is **GRANTED in part**.
2. Plaintiff may serve the identified ISP with the Intended Subpoena [ECF No. 7-3], commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Memorandum of Law [ECF No. 7-2]. Plaintiff shall attach to such Intended Subpoena a copy of this Order.
3. Plaintiff may *not* serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to

    one of the Defendants without first obtaining leave of Court to do so, in accordance with the May 6 Order [ECF No. 6].

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. section 522(5), which states:

   the term "cable operator" means any person or group of persons

   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

   it shall comply with 47 U.S.C. section 551(c)(2)(B), which states:

   A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

   by sending a copy of this Order to the Defendant.

5. The subpoenaed ISP shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISP require Plaintiff to pay a fee for an IP address that is not controlled by the ISP. If necessary, the Court shall resolve any disputes between the ISP and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to the Rule 45 Subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** at Miami, Florida, this 16th day of May, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record